UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Ashley Menwer,
    Plaintiff

    v.

School Administrative Unit #15, and
School Administrative Unit #37,
    Defendants

Case No. 20-cv-716-SM
Opinion No. 2022 DNH 033

**O R D E R**

On June 19, 2020, Ashley Menwer, proceeding pro se, filed suit against defendants School Administrative Units ("SAU") 15 and 37, asserting claims that arise from her minor child's enrollment in those school districts.

For a case still in its infancy, the procedural history is somewhat complicated. Shortly after filing her complaint, Menwer filed a motion to amend (document no. 2), which was granted on July 24, 2020. Menwer then moved to amend her complaint again on September 9, 2020. On September 21, 2020, defendants moved to dismiss pursuant to Fed. R. Civ. P. 8(a)(2), and concurrently filed a Motion for a More Definite Statement. See Documents No. 15, 16. Defendants also objected to Menwer's motion to amend, arguing that the most recently amended version of the complaint failed to comply with the court's rules

1

regarding amendment of pleadings, and suffered from the same deficiencies as Menwer's earlier pleadings.

On September 22, 2020, the magistrate judge granted Menwer's motion to amend. On December 15, 2020, the court denied defendants' motion to dismiss, without prejudice, and denied the motion for a more definite statement as moot. Defendants filed a motion for reconsideration of that denial on December 23, 2020. That motion was denied on January 21, 2021, but the court noted that the record was "certainly confused with respect to what relief plaintiff is seeking and on what legal basis." Accordingly, the court scheduled a status conference with the magistrate judge.

Following that conference, the magistrate judge ordered Menwer to file a new complaint, or, in the alternative, to notify the court that she intended her previous filings as the operative complaint. Menwer was instructed that any newly filed amended complaint must "clearly indicate: (1) the defendants being sued; (2) the legal theories or statute(s) under which each defendant is being sued; and (3) the facts related to each defendant." Document No. 36. Menwer was encouraged to consult the court's pro se guide, specifically, its description of a complaint's requirements.

On May 3, 2021, Menwer filed a fourth complaint (document no. 37).  On May 17, 2021, Defendants again moved to dismiss pursuant to Fed. R. Civ. P. 8(a)(2).  See Document No. 38.  The magistrate judge issued an order on July 1, 2021, noting a "threshold issue" concerning representation: because Menwer is a pro se litigant, and not an attorney, her claims brought on behalf of anyone but herself, including her minor child, E.M., were improper.  See Document No. 41, p. 2.  Menwer was allowed another opportunity to amend her complaint to state claims only on her own behalf.

Menwer filed a fifth complaint on September 10, 2021.[1]  The SAUs have again moved to dismiss pursuant to Fed. R. Civ. P. 8(a)(2), and contend that, despite considerable effort, they are unable to determine what claims Menwer is asserting against which defendant, the relief she is seeking for each claim, and what facts she is relying on for each claim.  Defendants quite reasonably argue that they "should not be put in the position of guessing or assuming what Ms. Menwer might be alleging or trying to allege in order to ascertain whether or not she has sufficiently pleaded the elements of any particular claim."  Defs.' Mot. to Dismiss at 1-2.

---

[1]   That filing mooted defendant's earlier motion to dismiss plaintiff's fourth amended complaint (document no.38).

Rule 8(a)(2) provides that a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rule further requires that each allegation in the complaint be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); see also Fed. R. Civ. P. 10(b) (requiring each numbered paragraph to be "limited as far as practicable to a single set of circumstances").

"A district court may dismiss a complaint that fails to comply with Rule 8's 'short and plain statement' requirement." Currier v. Town of Gilmanton, No. 18-CV-1204-LM, 2019 WL 3779580, at *2 (D.N.H. Aug. 12, 2019) (quoting Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993)).  While "verbosity and length are generally insufficient grounds for dismissal, complaints that are 'unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend may be dismissed.'"  Id. (quoting Chalifoux v. Chalifoux, No. 14-CV-136-SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014)).  "In evaluating whether a pleading meets Rule 8's 'short and plain statement' requirement, the court should consider 'the nature of the action, the relief sought and a number of other pragmatic matters.'"  Id. (quoting Carney v. Town of Weare, No. 15-CV-291-LM, 2016 WL 320128, at *4 (D.N.H. Jan. 26, 2016) (internal quotation marks and ellipsis omitted)).

4

"The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015).  See also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281 (4th ed.) ("Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.").

In opposition to defendants' motion to dismiss, the plaintiff argues that, as a pro se litigant, her pleadings must be construed liberally.  But, while pro se submissions are entitled to liberal construction, "pro se litigants are not exempt from . . . basic pleading standards."  Barricello v. Bank of Am., N.A., No. CV 18-10398-LTS, 2019 WL 1333271, at *3 (D. Mass. Mar. 25, 2019).  And, even given the most generous reading, Menwer's complaint fails to comply with Rule 8's requirements.  The complaint is neither "short and plain," nor are its allegations "simple, concise, and direct."

As noted in the magistrate judge's July 1, 2021, order, Menwer seems to be asserting claims under the Individuals with Disabilities Act (IDEA), the Americans with Disabilities Act

(ADA), and Title IV of the Civil Rights Act of 1964. Her complaint also references the Rehabilitation Act, as well as "religious harassment." See, e.g., Document No. 44, p. 8. Riddled with typos and misspellings, her most recent complaint alleges that she is aggrieved by the "New [Hampshire] Department of Education [Hearing] [Decision]" (document no. 44, p. 3). She also lists various federal acts and regulations that she contends defendants violated, including "ANY UNKNOWN Procedural and Substantive Safeguards per the Individuals with Disabilities Act ("IDEA")." Document No. 44, p. 5. Moreover, entire sections of Menwer's complaint are largely incomprehensible, as the complaint is replete with inappropriate legal argument and citations, and incoherent allegations, all of which make it difficult to discern whether any of Menwer's apparent claims are supported by any factual basis. Attempting to "construe" this complaint would be in reality to create it, a role the court cannot assume.

Further confusing matters is that Menwer refers to herself in her complaint as "The PL." (see, e.g., id., p. 8), but also refers to her minor son, E.M., as "the PL." (see, e.g., id., p. 6 (referencing "the PL. educational placement")). That practice not only contributes to the complaint's general incomprehensibility, but also brings into question Menwer's compliance with the magistrate judge's earlier instruction that,

6

as a pro se litigant, Menwer can only allege claims on her own behalf.[2]

Those paragraphs that do specifically pertain to Menwer fail to clearly and plainly allege how, or when, or by whom she was, for example, denied access, or discriminated against as a result of her disability. It is particularly difficult to discern what potentially relevant facts are alleged by plaintiff, or the legal bases for the claims she has asserted based upon those facts. And, as a practical matter, responding to plaintiff's complaint would also be particularly difficult, given the complaint's structure: Menwer fails to comply with Fed. Rule Civil Pro. 10(b). The complaint's paragraphs are numbered sporadically, inconsistently, and often not at all. Nor are the complaint's paragraphs limited to a single set of circumstances. Fed. R. Civ. P. 10(b). Accordingly, it would be "unreasonable to expect defendants to frame a response to it." Sayied v. White, 89 Fed. Appx. 284 (1st Cir. 2004).

"Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (quoting Salahuddin

---

[2] Menwer's compliance with the July 1, 2021, order is further undermined by her multiple allegations referencing harm to E.M. as a result of purported religious harassment and bullying.

v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).  Menwer's complaint falls squarely within that category, despite Menwer having been given multiple opportunities to amend her complaint to comply with federal pleading requirements.  Because the Amended Complaint does not comply Fed. R. Civ. Pro. 8(a)(2)'s pleading requirements, defendants' motion to dismiss (document no. 45) is necessarily **GRANTED**.[3] [4]  And, because plaintiff has been afforded numerous opportunities to amend, but has failed to correct the complaint's identified deficiencies, the case is **DISMISSED**, with prejudice.

   **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 16, 2022

cc: Counsel of Record

---

[3]   As discussed herein, defendants' motion to dismiss an earlier version of plaintiff's complaint (document no. 38) is **DENIED** as moot.

[4]   Plaintiff has filed a motion for summary judgment (doc. no. 47) that is equally obtuse and indecipherable, failing in large measure for the same reasons she has failed to state cognizable claims upon which relief might be granted.  That motion (document no. 47) is **DENIED** as moot in light of the disposition of the motions to dismiss.